H. C. SCHROEDER, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24237.)

Court of Claims, February 15, 1937.

*Hugh J. O'Brien,* for the claimant.

*John J. Bennett, Jr.. Attorney-General [Owen Begley, Assistant Attorney-General,* of counsel], for the defendant.

RYAN, J. Claimant contracted to lay six and seventy-nine one-hundredths miles of bituminous macadam highway. The specifications recited: " Top Dressing: If required a top course of clean sand or grit, 90% of which will pass a 14 mesh laboratory sieve and 75% of which will be retained on a 48 mesh sieve, shall be uniformly spread on the finished pavement, at the rate of approx-

imately 6 to 8 pounds per square yard of pavement, within 24 hours after the fine mix has been placed and rolled."

The engineer in charge directed claimant to apply the sand, and claimant, under protest, did so. None of the sand was applied within twenty-four hours after the fine mix had been placed and rolled. The claimant did not estimate on furnishing and applying the sand in making his bid. Upon the trial claimant admitted that upon another contract for bituminous macadam highway he had supplied sand. However, it appears that the previous contract was executed under the State's specifications of 1930. These are not before us and there is no proof that they are identical with the 1932 specifications under which this contract was carried out. Even if they were we do not see how the fact that claimant supplied the sand under another contract has any material bearing on the result herein.

Claimant also admitted upon the trial that the failure to include in his bid an item for sand was in part due to his own carelessness in reading the specifications. At the same time he testified, " there was no provision made for this sanding to be done and no place where a man could figure it into his contract." It should be noted that the specifications also provided: " The price bid for this item shall cover the furnishing of all the materials, including bitumen; the mixing, placing and rolling, all work and expense incidental to the completion of the work." Nevertheless, we think claimant's position is well taken. How could a bidder under these specifications know how much sand would be required or whether any would be required? If he included an item for the sand the additional sum might stand between him and the awarding of the contract. If he left it out of his estimate, as this bidder did, he stood to lose if compelled to furnish the sand. Does the phrase " if required " mean if required by the engineer or does it mean if required by the conditions of construction? Or does it mean if required by the result obtained in the mixing and laying of the bituminous macadam?

It seems to us that the specification is most ambiguous. Apparently the engineer in charge found it so. He did not direct the claimant to apply any sand within twenty-four hours after the fine mix had been placed and rolled but waited until the laying of the bitumen had been completed for the whole extent of the highway.

An honest dispute arose between the claimant and the engineer and claimant applied the sand under protest. He has preserved his rights and is entitled to recover the reasonable value of the additional cost to him. (*Collins* v. *State*, 259 N. Y. 200.)

BARRETT, P. J., concurs.